```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 5:05-00240

**RASHAWN ALI BROWN**

<u>MEMORANDUM OPINION AND ORDER</u>

On January 24, 2006, the defendant appeared by Michael L. Desautels, Assistant Federal Public Defender, and the United States appeared by John J. Frail, Assistant United States Attorney, for the purpose of a hearing to consider the defendant's motion to suppress. In that motion, the defendant moved to suppress all evidence seized on June 28, 2005 from the defendant's person and from the car operated by the defendant.  The defendant charged that the items seized from his person were inadmissible because they were obtained during a "frisk" unsupported by reasonable suspicion or consent. Based on the alleged illegality of the frisk, the defendant alleged that the items later seized from the car were inadmissible as the fruit of the poisonous tree under <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).  After hearing from the parties and a witness and receiving evidence, the court DENIED defendant's motion to suppress.

At the hearing, Trooper C.L. Adkins of the West Virginia State Police testified to the following.  The day before the defendant was arrested, Trooper Adkins received a tip from a confidential informant who had previously proven reliable by providing information that led to arrests and successful controlled buys.  The informant stated that

Rashawn Brown would be traveling down Rt. 61 in the Deep Water, West Virginia area in a Pontiac Grand Am on the day in question and would carry approximately 8 ounces of cocaine.  On June 28, 2005, Trooper Adkins observed a car matching that description in the Deep Water area and stopped its driver for speeding in a remote area.  The defendant was driving the car.  After he stopped the defendant, Trooper Adkins connected the defendant's name and car with the tip previously received.  According to Trooper Adkins, defendant consented to a search of the car.  Before searching the car, Trooper Adkins did a "frisk" or "pat down" of the defendant to ensure his safety.

During the pat down, Trooper Adkins felt a hard object in the defendant's pocket and believed, based on experience, that it was cocaine.  The defendant claimed the object was his keys, but Trooper Adkins believed the shape to be inconsistent with that explanation.  Trooper Adkins searched the pocket and removed approximately 6 ounces of cocaine.  Trooper Adkins continued searching the defendant and found $600 in cash.  Next, Trooper Adkins searched the defendant's car and found a gun in the center console.

During a routine traffic stop, passengers may be required to exit a vehicle.  <u>Maryland v. Wilson</u>, 519 U.S. 408 (1997).  If there is "reasonable suspicion" that a passenger is armed or engaged in criminal activity, a <u>Terry</u> frisk is permitted to ensure safety.  <u>United States v. Raymond</u>, 152 F.3d 309, 312 (4th Cir. 1998).  The standard for reasonable suspicion provides that an officer may search

2

a suspect's outer clothing if a reasonably prudent person would believe that his safety, or the safety of others, was endangered. Terry v. Ohio, 392 U.S. 1, 27 (1968).

From there an officer must have probable cause or consent to conduct a search beyond the outer clothing. Whether probable cause exists must be determined "under the totality of the circumstances." See Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause to search is established when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. Probable cause may be based upon information from any reliable source. Draper v. United States, 358 U.S. 307, 313 (1959). Courts generally find probable cause where there is at least some degree of corroboration as well as some indicia of reliability. United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993).

The court found that the frisk of the defendant was supported by reasonable suspicion. Here, the court found that the trooper had legitimately stopped the defendant because he was engaged in a routine traffic stop for speeding. See Whren v. United States, 517 U.S. 806 (1996) (holding that detention of a motorist is reasonable where probable cause exists to believe that he committed a traffic violation). The court found that the trooper had reasonable suspicion that defendant was engaged in criminal drug activity. Specifically, the trooper's suspicions were supported by the informant's mere day-old tip giving the defendant's name, car description, and route and the trooper's opinion based on experience

3

that drug couriers often carry weapons.  The informant had previously given reliable information and the information was corroborated by the then-suspect's route and type of car.  Based on these factors, the trooper reasonably believed his safety was at risk.

The court found that before the defendant searched the defendant's pocket, the trooper had probable cause to believe that it contained contraband based on the hard object he felt and the defendant's suspicious explanation of it.  The trooper stated that in his experience, the object felt like cocaine during the pat down.  The defendant's explanation that the trooper had felt his keys was inconsistent with the trooper's observations, making the defendant's evasive explanation suspicious as well.  Trooper Adkins' credibility has not been called into question and it is appropriate for the court to "credit[] the practical experience of officers who observe what happens on a daily basis on the street." United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993).  Under the totality of the circumstances test, the court found that the trooper's search was supported by probable cause based on the trooper's observations and opinion that the object was likely contraband.  Accordingly, the court DENIED the defendant's motion to suppress items seized from the defendant's person.

Based on the court's ruling on the legality of the trooper's frisk and search of the defendant's person, the defendant abandoned his argument to suppress items discovered in the search of the car.

For the reasons stated above and for other reasons placed on the record at the hearing, the court DENIED the defendant's motion to suppress (Doc. No. 21). The Clerk is directed to mail a copy of this Memorandum Opinion and Order to all counsel of record, the United States Marshal's Service for the Southern District of West Virginia, and the Probation Office of this court.

It is SO ORDERED this 26th day of January, 2006.

                              Enter:

                              */s/ David A. Faber*
                              David A. Faber
                              Chief Judge